UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIELLE RODRIGUEZ and
CHUCK RODRIGUEZ                                                    PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:15CV255-RHW

GPI MS-N, INC. d/b/a PAT PECK NISSAN et al                         DEFENDANTS

<u>ORDER DENYING MOTION FOR SUMMARY JUDGMENT,
DENYING MOTION TO STRIKE AFFIDAVIT and
GRANTING MOTION TO STRIKE EXHIBIT</u>

Before the Court is Defendant GPI MS-N, Inc. d/b/a Pat Peck Nissan's motion for

summary judgment. Doc. [48]. Plaintiffs Danielle Rodriguez and Chuck Rodriguez filed the

instant lawsuit alleging negligence on the part of Defendant. Doc. [1]. Plaintiffs allege that,

while shopping for a car at Pat Peck Nissan, Mrs. Rodriguez stepped in a hole in a grassy median

which caused her to fall and injure her ankle. Defendant argues that Plaintiffs fail to demonstrate

a genuine issue of material fact on the issue of whether an unreasonably dangerous condition

existed on Defendant's property. Defendant also argues that it had no duty to warn Plaintiffs

because it had not been placed on notice of the alleged dangerous condition.

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show that there is no

genuine dispute as to any material fact and that the moving party is entitled to judgment as a

matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548

(1986). Where "the summary judgment evidence establishes that one of the essential elements of

the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of

fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v.*

*Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion

for summary judgment, the court must view the evidence submitted by the parties in a light most

favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact

and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters*

*Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by

informing the court of the basis of its motion, and by identifying portions of the record which

highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56

contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the

movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."

*John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that

[plaintiff] failed to respond to defendants' motion for summary judgment".  *Id.* at 709.  However,

once a properly supported motion for summary judgment is presented, the nonmoving party must

rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111,

114 (5th Cir. 1978).

Plaintiff in this case was a business invitee.  *See Hudson v. Courtesy Motors, Inc.*, 794

So. 2d 999, 1003 (Miss. 2001).  As such, Plaintiff must prove either that Defendant's negligence

injured her, or that Defendant had knowledge of a dangerous condition and failed to warn her, or

that the condition existed a sufficient amount of time so that Defendant should have had

knowledge or notice of the condition.  *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918

(Miss. 2000).  There is no duty to warn of a defect or danger which is as well-known to the

invitee as to the landowner, or of dangers that are known to the invitee, or of dangers that are

obvious or should be obvious to the invitee in the exercise of ordinary care. *Thompson v. Chick-fil-a, Inc.*, 923 So. 2d 1049, 1052 (Miss. App. 2006). A business owner is not an insurer of the safety of its invitees. *See Kroger v. Ware*, 512 So.2d 1281, 1282 (Miss. 1987). However, a business owner has a duty to maintain its premises in a reasonably safe condition, including a duty to repair hazardous conditions. *See Mayfield v. Hairbender*, 903 So. 2d 733, 739 (Miss. 2005). A business owner also must warn invitees of any dangerous condition not readily apparent. *Caruso v. Picayune Pizza Hut, Inc.*, 598 So. 2d 770, 773 (Miss. 1992).

As a threshold matter, Plaintiff has the burden to present competent summary judgment evidence of a hazardous or dangerous condition that caused her injury. Normally encountered dangers, such as thresholds, curbs, and steps, will not be considered hazardous conditions under controlling Mississippi precedent. *See Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1351 (Miss. 1995); *McGovern v. Scarborough*, 566 So.2d 1225, 1228 (Miss. 1990). Mrs. Rodriguez testified that on September 10, 2012, as she walked across a grassy median on Defendant's property, she stepped into a hole and injured her ankle. Doc. [48-3] at 2-3. She indicated that she was unable to see the hole because of the manner in which the grass was cut. *Id.* at 3-6, 12; Doc. [54-1] at 7. According to Mrs. Rodriguez, grass had grown over the hole and there was no visible dirt or signs of digging. *Id.* She testified that the median appeared to be level. *Id.* at 6. She further testified that the hole was not round, but misshapen, and deep enough for her size 10 shoe to go into the hole. *Id.* at 10. Chuck Rodriguez also testified that the hole was undetectable because the grass was "clean cut" and "manicured". Doc. [48-2] at 3 & 5-6. Other summary judgment evidence suggests that a hole or depression was created by removal of palm trees some time prior to the incident. For instance, Defendant's employee Patrick Oriol testified that there

3

was a "divot" where a tree had been removed and dirt and sod put on top of it.  Doc. [48-7] at 3.

Defendant's employee Sean Varone described the area where Mrs. Rodriguez fell as a

"depression", which had been present since palm trees had been removed in 2011.  Doc. [48-4] at

2-6.  Defendant's employee John Jones described the location as a divot or indentation.  Doc.

[48-6] at 5-6.

Defendant presents summary judgment evidence in an effort to demonstrate that no

unreasonably dangerous condition existed.  Defendant attaches photographs of the grassy median

taken some time shortly after the incident.  Doc. [48-1].  Defendant asserts that the photographs

do not depict a hole as described by Plaintiffs.  The Court finds the photographs to be

inconclusive as to whether the hole or depression in the median constituted an unreasonably

dangerous condition.  The first photograph in the series does not clearly indicate a hole or

depression.  Doc. [48-1] at 1.  The other three photographs, taken from a different angle, appear

to depict a hole or depression in the grass.  *Id.* at 2-4.

Defendant also points to testimony from three of its employees, who described the area

where Mrs. Rodriguez fell as a depression, divot, or indentation.  While this testimony might be

construed to contradict Plaintiffs' description of the condition as a "hole", it does not demonstrate

the absence of a genuine issue of material fact concerning whether that hole, depression, or divot

was an unreasonably dangerous condition.  For summary judgment purposes, the fact that these

witnesses used different words to describe the place where Mrs. Rodriguez fell does not of

necessity lead to the conclusion that there is no genuine issue of material fact about the

dangerousness of the condition.  Rather, the fact that the parties dispute the description of the

condition lends itself to a jury question.  *See Parker v. Wal-Mart Stores, Inc.*, 261 Fed. App'x

724, 726 (5th Cir. 2008).

Finally, Defendant points to the report of its designated liability expert, Christopher A. Williams, who opined that the grassy median is a landscape island, designed and constructed to standard construction practices, consistent with site development along the Mississippi Gulf Coast, and consistent with other landscape islands in the area.  Doc. [48-8] at 7.  Williams also opined that the landscape island is a green space feature that is not intended as a pedestrian access route.  *Id.*  Williams' expert report is the subject of a motion to strike filed by Plaintiffs that will be treated by separate order.  *See* Doc. [50].  However, for purposes of Defendant's motion for summary judgment, Williams' report fails to demonstrate the absence of a genuine issue of material fact regarding whether the hole or depression in the grassy median constituted an unreasonably dangerous condition.  Williams offers no opinion on whether the hole or depression was or was not a dangerous condition.  Although Williams defines the median as a landscape island that has been designed and constructed to standard practices, this does not negate the presence of a genuine issue of material fact regarding whether a concealed hole or depression in the landscape island caused Plaintiffs' injury.  Nor does Williams' opinion that the landscape island was not intended as a pedestrian access route resolve the issue of whether the landscape island in fact was used by pedestrians to traverse Defendant's property.

The Court finds that the summary judgment evidence creates a genuine issue of material fact regarding whether there was an unreasonably dangerous condition on Defendant's property. Viewing the evidence and inferences in the light most favorable to the Plaintiff, there was a hole or depression in the grassy median that was concealed from Plaintiffs' view because of the manner in which the grass was maintained; and while looking at cars for sale on Defendant's

property, Plaintiff stepped into this alleged concealed hazard thereby causing her injury. Moreover, viewing the evidence and inferences in the light most favorable to the Plaintiff, there is a genuine issue of material fact regarding whether Defendant knew or should have known that the alleged dangerous condition existed prior to the incident.  Defendant's employees testified that palm trees had been removed from the area where Plaintiff fell, leaving a divot or depression in the median.  For summary judgment purposes, it is reasonable to infer that Defendant knew or should have known of the condition, because the tree removal occurred with Defendant's knowledge some time prior to the incident; therefore, Defendant would have had a duty to warn Plaintiffs about the concealed hole or depression.

Defendant cites to a long line of precedent from courts in this jurisdiction finding as a matter of law that cracks, potholes, or uneven places in parking lots or sidewalks do not constitute unreasonably dangerous conditions.  *See e.g. Chance v. Wal-Mart East, L.P.*, No. 3:14cv363-WHB-RHW, 2015 WL 4496442 (S.D. Miss. July 23, 2015).  The Court finds that these cases are distinguishable from the instant case because here Plaintiff alleges that the dangerous condition was concealed from view.  In the instant case, there is a genuine issue of material fact whether the grass concealed the alleged dangerous condition, which is a question for the jury.  *See Wooten v. Wal-Mart Stores, Inc.*, 104 F3d. App'x 977, 978-79 (5th Cir. 2004); *Biloxi Regional Medical Center v. David*, 555 So. 2d 53, 56 (Miss. 1989).

Plaintiffs also filed a motion to strike Sean Varone's affidavit, which Defendant attached in support of its motion for summary judgment.  Doc. [56] at 16-17.  Plaintiff asserts that Varone's affidavit is not presented in a form that would be admissible in evidence and that it is self-serving, inadmissible hearsay.  More specifically, Plaintiffs argue that Varone's affidavit

contradicts his deposition testimony.  The Court finds that the motion to strike should be denied.

Varone's testimony and affidavit go to the weight of the evidence.  To the extent that Varone has

presented contradictory accounts between his affidavit and deposition, Plaintiff may explore that

issue at trial on cross-examination.

Defendant filed a motion to strike Plaintiff's "Exhibit 8" to Plaintiff's response to

Defendant's motion for summary judgment, which is an email from Conway's Lawn Service.

Doc. [59].  Defendant argues that Exhibit 8 was not previously produced in discovery and it is

inadmissible hearsay.  Plaintiff did not file a response in opposition to the motion to strike.  In

ruling on the motion for summary judgment, the Court did not consider the exhibit.

Nevertheless, Defendant's motion to strike should be granted.  *See* Local Rule 7(b)(3)(E).

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [48] Motion for

Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' [56] Motion to Strike the Affidavit of Sean

Varrone is DENIED.

IT IS FURTHER ORDERED that Defendant's [59] Motion to Strike Exhibit 8 is

GRANTED.

SO ORDERED, this the 3rd day of October, 2016.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE