UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIELLE RODRIGUEZ and
CHUCK RODRIGUEZ                                                                         PLAINTIFFS

VERSUS                                                             CIVIL ACTION NO. 1:15CV255-RHW

GPI MS-N, INC. d/b/a PAT PECK NISSAN et al                                    DEFENDANTS

### ORDER GRANTING MOTION TO EXCLUDE EXPERT TESTIMONY

Before the Court is Plaintiffs' motion to exclude Defendant's expert witness.  Doc. [50]. In their complaint Plaintiffs allege that they were on Defendant's property as business invitees while shopping for an automobile.  Plaintiffs further allege that while walking across a grassy median Danielle Rodriguez stepped into a hole and injured her ankle.  According to Plaintiffs, the hole was concealed from view because of the manner in which the grass was maintained. Plaintiffs allege that Defendant's negligence in maintaining a dangerous condition on its property and failing to warn Plaintiffs of the alleged dangerous condition caused Mrs. Rodriguez's injury.

Defendant has designated Christopher A. Williams as a liability expert.  Williams is an expert in the field of engineering.  In his report, Williams opines that the grassy median is a landscape island, designed and constructed to standard construction practices, consistent with site development along the Mississippi Gulf Coast, and consistent with other landscape islands in the area.  Doc. [50-1].  Williams also opined that the landscape island has no design deficiencies and is structurally sound and intact.  *Id.*  Because the landscape island was a landscape feature, he concludes that it "was not a dangerous condition as a multitude of paved areas were available for pedestrians to use."  *Id.*  He further states that the landscape island is a green space feature that is not intended as a pedestrian access route.  *Id.*

Pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the trial judge maintains a gatekeeping function to ensure that any and all scientific testimony is not only relevant but reliable. *See Carlson v. Bioremedi Therapeutic Systems, Inc.*, 822 F.3d 194, 199 (5th Cir. 2016). "To trigger a *Daubert* inquiry, an expert's testimony, or its factual basis, data, principles, methods, or their application, must be called sufficiently into question." *Id.* (citations and internal quotations omitted). District courts are tasked with making a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether the reasoning or methodology properly can be applied to the facts in issue. *Id.* The *Daubert* inquiry insures that the proferred evidence is both reliable and relevant. *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 352 (5th Cir. 2007).

Plaintiff does not dispute Williams' qualifications as an engineer. Rather, the main thrust of Plaintiff's motion is that the opinions offered by Williams are not relevant to the facts at issue. In a *Daubert* inquiry, "relevance" depends on whether the expert's reasoning or methodology properly can be applied to the facts in issue. *Knight*, 482 F.3d at 352. Accordingly, the Court must assess whether Williams' opinions are relevant to the issue of whether there was an unreasonably dangerous condition on Defendant's property.

Whether the landscape island, in its role or function as a landscape island, was properly designed or contained any structural deficiencies is not relevant to the facts at issue. Plaintiffs do not allege any inherent design or structural defects as the basis of their negligence claim. Rather, Plaintiffs allege that there was a concealed hazard contained within the landscape island that resulted in Mrs. Rodriguez's injury when she used the landscape island as a pedestrian access route. Williams offers no opinion about the depression or hole that allegedly caused Mrs.

Rodriguez's fall and injury. He merely concludes that because there were other access routes available to Plaintiffs the landscape island was not unreasonably dangerous.

Williams' opinion that the landscape island was not designed or intended for pedestrian use presents a closer question; however, the Court finds that the Williams' opinion misses the point. Whether the landscape island was designed or intended for pedestrian use is irrelevant if the facts demonstrate that in practice it was used as a pedestrian access route. Whether the landscape island was in fact used by car shoppers, such as the Mrs. Rodriguez, on Defendant's property and whether Defendant was aware that car shoppers used the landscape island as a pedestrian access route are fact questions that do not require the testimony of an engineering expert. These matters are within the understanding of an average person and do not require scientific, technical, or other specialized knowledge. *See United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993). The Court finds that Williams' testimony regarding the design, construction, and function of the landscape island are of questionable relevance at best and that his testimony would be more likely to confuse the issues than to help the jury in determining the fact questions at issue.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' [50] Motion to Exclude the Testimony of Christopher A. Williams is GRANTED.

SO ORDERED, this the 6th day of October, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE